UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN T. P.-GEORGE, *aka* *JOHN R. DALEY, JR.*, | : | CIVIL NO. **4:05-CV-2181** |
| | : | |
| Plaintiff | : | (Judge Muir) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| WARDEN, *FCI Schuylkill*, and THE HEALTH ADMINISTRATION DEPT., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

On October 26, 2005, the plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens*[1] action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis.*

By an Order dated November 22, 2005, we reviewed the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The complaint names as defendants the Warden at the Federal Correctional Institution at Schuylkill and the Health Administration Department.

The plaintiff alleges that he requested a complete HIV test including blood, semen and urine testing. The plaintiff attached to his complaint as an exhibit a response by Ronnie R. Holt, the Warden at FCI-Schuylkill, to his Inmate Request to Staff requesting complete HIV testing. Warden Holt responded by stating that the Health Services Administrator informed him that the plaintiff was tested for HIV on September 8, 2005, that pursuant to a Health Services policy the test used was a

2

blood test, and that semen and urine are not routinely used in the diagnosis of HIV.

In the Order of November 22, 2005, we concluded that the plaintiff failed to state a claim upon which relief can be granted. We stated and reasoned as follows:

> The plaintiff has failed to state a claim upon which relief can be granted based on the fact the semen and urine tests were not performed to check for HIV. Although there are tests that use other body fluids to screen for antibodies to HIV, the standard HIV screening test is a blood test. See www.cdc.gov/hiv/pubs/faq/faq8.htm (visited on Nov. 22, 2005). The plaintiff does not have a constitutional or statutory right to have urine and semen tests to screen for HIV. Accordingly, the plaintiff fails to state a claim upon which relief may be granted based on the denial of urine and semen HIV tests.
>
> The plaintiff also alleges that he was denied access to the law library while he was in segregation, that the law books available to him are inadequate and that he is not given adequate time in the law library.
>
> Inmates have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). In order to succeed on an access to the courts claim an inmate must prove actual injury. *Lewis*, *supra*, 518 U.S. at 351. Actual injury is the loss of a non-frivolous claim that relates to a challenge, direct or collateral,

3

to an inmate's conviction or relates to a challenge to the conditions of confinement. *Id*. at 351-54.

Although the plaintiff alleges that he has a number of habeas corpus petitions pending, he has not alleged that denial of access to the law library or law books has actually resulted in a loss of a non-frivolous claim that relates to a challenge to his conviction or that relates to a challenge to the conditions of his confinement.  Thus, the plaintiff has not pled an actual injury to his right of access to the courts.  Accordingly, the plaintiff fails to state an access to the courts claim upon which relief may be granted.

The plaintiff alleges "dilatory retaliation" by the administration of the Bureau of Prisons.  The plaintiff alleges that he was given numerous disciplinary sanctions after applying for a job in the institutional law library.  The plaintiff, however, has not alleged that the named defendants retaliated against him for exercising a constitutional right.

Liability in a *Bivens* action may not be based on *respondeat superior*. *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997).  The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  An action against supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

> Since the plaintiff has not alleged that the named defendants actually retaliated against him or had actual knowledge of and acquiesced in retaliation against him because of his exercise of a constitutional right, the plaintiff has failed to state a retaliation claim upon which relief may be granted.

Doc. 10 at 3-5.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, we granted the plaintiff leave to file an amended complaint on or before December 23, 2005.  We noted that any amended complaint shall be complete in all respects, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed, and shall also be "simple, concise, and direct" as required by the Federal Rules of Civil Procedure.  We noted that if the plaintiff does not file an amended complaint, it will be

5

recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted.

On December 1, 2005, the plaintiff filed what he termed an amendment to his civil action. On January 5, 2006, the plaintiff filed another document termed as an amendment to his civil action. In both of these documents, the plaintiff sets forth additional citations to statutes and rules. Neither of these amendments cures the deficiencies noted in the Order of November 22, 2005.

On December 12, 2005, the plaintiff filed a document and exhibits in response to the Order of November 22, 2005. We construe this document as an amended complaint. The amended complaint suffers from the same deficiencies (noted in the Order of November 22, 2005) as the original complaint. For the reasons stated in the Order of November 22, 2005, we will recommend that the plaintiff's amended complaint be dismissed for failure to state a claim upon which relief may be granted.

Based on the foregoing, it is recommended that the plaintiff's amended complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  It is further recommended that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  January 9, 2006.