UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
WILLIAMSPORT, PA

FEB 15 2006

MARY E. D'ANDREA, **CLERK**
PER _____
DEPUTY CLERK

JOHN T.P. - GEORGE, aka    :
JOHN R. DALEY, JR.,        :
                           :
          Plaintiff,       :    No. 4:CV-05-2181
                           :
     vs.                   :    Complaint Filed 10/26/05
                           :
WARDEN, FCI SCHUYLKILL, and :   (Judge Muir)
THE HEALTH DEPARTMENT,     :
                           :    (Magistrate Judge Smyser)
          Defendants       :

**ORDER**

February 15, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 26, 2005, Plaintiff John R. Daley, Jr., an inmate at the Federal Correctional Institution at Schuylkill, in Minersville, Pennsylvania, initiated this action by filing a civil rights complaint pursuant to the holding of the United States Supreme Court in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

Daley alleges that his rights have been violated because 1) the staff at Federal Correctional Institution at Schuylkill will not test Daley for HIV by obtaining samples of Daley's semen and urine (even though he was tested after a blood sample was

_____

[1]<u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

obtained), 2) he has been denied access to legal materials, and 3) he has been the victim of retaliation.  The only named Defendants are the warden of the Federal Correctional Institution at Schuylkill and the Medical Department at that institution. Daley is proceeding *pro se* and *in forma pauperis*.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge J. Andrew Smyser for initial consideration. The Magistrate Judge preliminarily screened the initial complaint pursuant to 28 U.S.C. § 1915A and concluded that it failed to state a claim upon which relief may be granted.  Consequently, by order dated November 22, 2005, the Magistrate Judge provided Daley an opportunity to file an amended complaint by December 23, 2005.

In response to that order Daley an amended complaint on December 1, 2005, and a document entitled "Amendment to Civil Action" on January 5, 2006.

On January 9, 2006, Magistrate Judge Smyser issued a 7-page report recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted.  Magistrate Judge Smyser made the following specific conclusions with respect to Daley's claims: 1) because the standard HIV screening test is a blood test, Daley's allegations concerning failure to test alternative body fluids do not amount to any constitutional violation; 2) Daley unsuccessfully alleged an access to courts

2

claim because the documents he has filed to this date fail to demonstrate that Daley has suffered any actual injury in connection with any pending case; and 3) Daley has failed to plead a retaliation claim because the individuals allegedly involved are not named defendants in this case.  Magistrate Judge Smyser considered the documents filed by Daley on December 1, 2005, and January 5, 2006, in reaching those conclusions.

On January 23, 2006, Daley timely filed objections to Magistrate Judge Smyser's Report and Recommendation.  The document Daley filed is in the form of a brief.  Although the Magistrate Judge issued the Report and Recommendation without requiring service of the amended complaint upon any Defendant, Daley's objections indicate that he may have served one or more of the Defendants with copies of his objections.  Out of an abundance of caution we withheld ruling on Daley's objections until the time allowed for an opposition brief expired, which was February 10, 2006.  To this date no such brief has been filed and Daley's objections are ripe for disposition.

Title 28 U.S.C. § 1915A, entitled "Screening," provides in part that "[t]he court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Subsection (b) of that statute, entitled "Grounds for dismissal," states in relevant part that

3

> [o]n review, the court shall identify cognizable claims or
> dismiss the complaint, or any portion of the complaint, if
> the complaint ... fails to state a claim upon which relief
> may be granted.

28 U.S.C. § 1915A(b)(1).

Magistrate Judge Smyser recommends that Daley's complaint be dismissed pursuant to that statute because the complaint fails to state any claim upon which relief may be granted.  That recommendation requires us to consider whether the complaint states a claim upon which relief may be granted.

For the purposes of this order, we will accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Colburn v. Upper Darby Township, 835 F.2d 663, 665-66 (3d Cir. 1988).  We also recognize that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 44-46 (1957).

Daley's first objection to the Report and Recommendation is that he did not consent to have this matter referred to a Magistrate Judge for preliminary consideration.  In support of this argument he cites 28 U.S.C. § 636(b)(1)(A), which provides in relevant part that a judge may not designate a magistrate judge "to hear and determine" certain specific pretrial motions, including a motion to dismiss a complaint for failure to state a

4

claim upon which relief may be granted.  None of those particular motions are present in this case.

The referral in this case was made pursuant to 28 U.S.C. § 636(b)(1)(B), which states in relevant part that

> a judge may ... designate a magistrate judge to ... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) ....

28 U.S.C. § 636(b)(1)(B).  The Report and Recommendation currently before us was prompted by Magistrate Judge Smyser's screening of the amended complaint pursuant to § 1915A, an action which is not excepted in sub-paragraph (A) of 28 U.S.C. § 636(b)(1).  The text of this governing statute establishes that 1) Daley's consent was not required to effect the referral in this case to Magistrate Judge Smyser, and 2) the Magistrate Judge was authorized to file the Report and Recommendation at issue here.  Daley's first objection is without merit.

Another objection is that his "civil action, [sic] amended complaint was not reviewed by [the] Magistrate Judge." (Objections to Report and Recommendation, p. 4)  This contention is baseless because all of Daley's attempts to amend his complaint are discussed in the Report and Recommendation of the Magistrate Judge.

Daley also argues that "[i]t is nearly impossible for the Magistrate Judge to have screened plaintiff['s] civil action, [sic] without 'bias or prejudice.'" (Id., p. 5)(Emphasis in

5

original)  Daley provides no details to support this argument and our review of the file indicates that there is absolutely no reason to question Magistrate Judge Smyser's impartiality in this matter.

Daley further argues that the Magistrate Judge erred in 1) misapplying the law concerning "misjoinder and non-joinder of parties," and 2) applying only the "pertinent part" of the governing law, instead of their "entire sequence[s]." (Id.)(Emphasis in original)  These arguments amount to no more than summary conclusions with string citations to various statutes, including the "Jencks Act" (which applies only in criminal cases).  The authorities Daley cites do not apply in this case.  We find no merit in those arguments.

Our review of the file in this case confirms Magistrate Judge Smyser's conclusion that the complaint as amended should be dismissed for failing to state a claim upon which relief may be granted.  We will overrule Daley's objections and adopt Magistrate Judge Smyser's Report and Recommendation in its entirety.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    Daley's objections (Document 18) to Magistrate Judge
      Smyser's Report and Recommendation are overruled.

2.    The Magistrate Judge's recommendations are adopted *in
      toto*.

6

3.   Daley's complaint as amended is dismissed without prejudice for failure to state a claim upon which relief may be granted.

4.   The Clerk of Court shall close this case.

5.   Any appeal of this order shall be deemed frivolous, without probable cause, and not taken in good faith.

_____
MUIR, U. S. District Judge

MM:ga